Filed 3/10/26  P. v. Cazessus CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086256 |
| v. | (Super.Ct.No. FVI24002390) |
| ANTHONY JUAN CAZESSUS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph B. Widman, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this *Anders/Wende*[1] matter, defendant and appellant Anthony Juan Cazessus appeals from the trial court's entry of judgment following a jury verdict convicting him of unlawful possession of, as a convicted felon, both a firearm (Pen. Code,[2] § 29800, subd. (a)(1); count 2) and ammunition (*id.*, § 30305, subd. (a)(1); count 3). The jury acquitted defendant of assault with a deadly weapon (§ 245, subd. (a)(2) [firearm]; count 1), including the firearm use and great bodily injury (GBI) enhancements alleged on that count (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a), 12022.7, subd. (a)). In bifurcated proceedings, the trial court found as an aggravating factor that defendant was on probation at the time of the offense. (Cal. Rules of Court, rule 4.421(b)(4).) Defendant also admitted a prior serious felony conviction (§ 667, subd. (a)) that qualified as a strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

At sentencing, the trial court declined to strike defendant's prior strike and imposed an aggregate 5-year prison term for the pending case and two cases for which defendant's probation was revoked. The sentence was comprised of four years on the firearm possession count in this case, a stayed term (§ 654) for the ammunition count, plus a year consecutive on one probation case and a concurrent term on the other. The sentence also reflected that the court struck punishment (§ 1385) on a 3-year GBI enhancement in one of the probation cases.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, our independent review of the record and the law discloses no issues of arguable merit on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We therefore affirm the judgment.

## BACKGROUND

Only a brief factual and procedural background is necessary. The evidence at trial established that, in the early morning hours on April 22, 2024, defendant arrived and parked his car near the trailer in which Almon Chastain and his girlfriend, Griselda Sandoval, lived. Defendant knew Sandoval, and Sandoval knew Chastain was jealous of other men at the time. Chastain had also warned defendant to stay away from him because of their mutual involvement in drugs.

Defendant knocked on the trailer door around 7:15 a.m. and Sandoval exited to speak with him. When Chastain came to the trailer door, he engaged in a screaming match with Sandoval, and, by his own admission, Chastain pushed defendant, punched him, and kicked him. Chastain threatened defendant and followed him to defendant's car. As defendant stood behind his car door, Chastain slammed the door on defendant's leg.

Sandoval testified at trial that Chastain had something in his hand when he earlier followed defendant to the car, but threw the object towards the trailer on the way; in earlier testimony, Sandoval had said the object was a pair of scissors, but she was not sure at the time of trial. In her police interview, Sandoval told the officer that Chastain had a metal object in his hand when he exited the trailer and that he struck defendant in the chest before also throwing the object at defendant.

3

After Chastain slammed the car door on defendant's leg, defendant reached inside the vehicle, retrieved a loaded firearm, and fired several shots. Two bullets struck Chastain, one on his hand and one on his side. He was hospitalized and had to have surgery for the wounds.

The jury was instructed on self-defense as a defense to the assault with a firearm charge. (CALCRIM Nos. 875, 3470, 3474.) The trial court was initially inclined to grant defendant's request to also instruct the jury with CALCRIM No. 2514, which the court summarized as "basically self-defense as to felon in possession." After reviewing the factors enumerated in the instruction, the court declined to give the instruction. The court explained: "[L]ooking at it now, [factor] number three said 'The firearm became available to the defendant without plan or preparation.'" Denying the instruction, the court elaborated that no evidence suggested, for instance, that "the firearm was introduced to the situation by the alleged vicim, as opposed to [by] the defendant."

At closing, the prosecutor argued that the felon in possession offenses were complete when defendant possessed a loaded gun in his car, before he ever knocked on the trailer door. Defense counsel did not present any argument on counts 2 or 3, focusing instead on count 1.

## APPEAL AND REVIEW

Following the verdict, sentencing, and entry of judgment as noted *supra*, defendant appealed. This court appointed appellate counsel. Counsel's review of the record and legal research uncovered no arguable issues to raise on appeal, including after consultation with Appellate Defenders, Inc. In reaching that conclusion, counsel noted

4

two questions for our potential consideration in our independent review: Did the trial court err by denying defendant's request for a felon-in-possession self-defense instruction? If so, was the error prejudicial?

Having independently reviewed the record for potential error, we are satisfied defendant's attorney has fully complied with the responsibilities of counsel and no issue of arguable merit on appeal exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                    J.

We concur:


McKINSTER _____
            Acting P. J.

CODRINGTON _____
                        J.

5